IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SHERRY HORSEY,

        Plaintiff,                Civil Action No.
                                                  5:17-CV-1356 (GTS/DEP)

     v.

SCOTT TRIPP, *et al.*,

        Defendants.

---

APPEARANCES:                                OF COUNSEL:

FOR PLAINTIFF:

SHERRY HORSEY, *Pro se*
5607 Bear Road
Apt. E10
North Syracuse, NY 13212

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

      This is an action brought by *pro se* plaintiff Sherry Horsey, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, against three supervisory employees at ADT Security Services, where she was apparently employed at the times relevant to her claims. In

her complaint, plaintiff alleges that she was denied accommodation for her religion, and was subjected to bullying and harassment when she attempted to invoke her right to be free from religious discrimination.

Plaintiff's complaint and accompanying *in forma pauperis* ("IFP") application have been referred to me for review. Based upon my consideration of those documents, I will grant plaintiff's application for leave to proceed without prepayment of fees, but recommend that her complaint be dismissed, with leave to replead.

I.  BACKGROUND

Plaintiff commenced this action on December 15, 2017.[1] Dkt. No. 1. Named as defendants in plaintiff's complaint are (1) Scott Tripp, who is identified as a "Manager" at ADT, (2) Terrance Ried,[2] whose position with the company is listed as "Unit Manager," and (3) Elizabeth Slater, who is listed as an "HR Generalist" with ADT. *Id.* at 1-2.

According to her complaint, plaintiff was initially hired to work at ADT in or about December 2015 or early January 2016. Dkt. No. 1 at 6-7. After

---

[1]  It appears that prior to commencing this suit plaintiff filed an administrative charge of discrimination with the New York State Division of Human Rights in connection with her employment at ADT. Dkt. No. 1 at 4. Her complaint, however, does not disclose the results of that investigation.

[2] Plaintiff spells this defendant' surname as both "Ried" and "Reid" in her complaint. *See e.g.* Dkt. No.1 at 1, 11.

2

a disagreement arose concerning her schedule, however, she resigned on May 13, 2016. *Id.* at 8. Plaintiff was rehired by ADT on June 24, 2016. *Id.* at 9. Plaintiff alleges that after being rehired she requested certain accommodations, including a particular schedule, to allow her to pursue her religious needs as an ordained minister and that defendants failed to accommodate her requests. Dkt. No. 1 at 6-20. Plaintiff further claims that when she complained and attempted to invoke her rights, the three individual defendants subjected her to bullying and harassment. *See generally id.*

After plaintiff experienced bullying and harassment, she left work on medical leave on December 5, 2016, and ultimately resigned from her position on April 28, 2017. Dkt. No. 1 at 11, 19. Plaintiff claims that her resignation represented a constructive discharge. *Id.* at 11.

II.     DISCUSSION

    A.     Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* if it determines that she is unable to pay the required filing

3

fee. 28 U.S.C. § 1915(a)(1).[3] In this instance, because I conclude that plaintiff meets the requirements for IFP status, her application for leave to proceed without prepayment of fees is granted.[4]

    B.    <u>Sufficiency of Plaintiff's Complaint</u>

        1.    <u>Standard of Review</u>

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In deciding whether a

---

[3]     The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4]     Plaintiff is reminded that, although her IFP application has been granted, she will still be required to pay fees that she incurs in this action, including copying and/or witness fees.

4

complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

### 2. Analysis

Plaintiff's complaint asserts claims against three individual defendants pursuant to Title VII. It is well-established, however, that liability does not lie under that provision against individual defendants. *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010); *see Griffith v. New York State Dept. of Health*, No. 1:14-CV-1128, 2015 WL 4545991, at *6 (N.D.N.Y Jul. 28, 2015) (McAvoy, J.). Accordingly, I recommend plaintiff's complaint in this action, which names only three individuals as defendants, be dismissed.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be

stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, it is possible that plaintiff could assert a cognizable claim under Title VII for discrimination and/or retaliation against ADT, her former employer. Accordingly, I recommend that she be given an

6

opportunity to amend her complaint.

If plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be therefore constitute a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III. SUMMARY AND RECOMMENDATION

Plaintiff's complaint in this case is accompanied by an application for leave to proceed *in forma pauperis*. That application reflects that she is entitled to that status. Accordingly, I will grant her request for leave to proceeding without prepayment of fees. Turning to the merits of plaintiff's claims, I conclude that they are legally deficient, since she asserts claims under Title VII against three individuals who are not subject to Title VII liability. Accordingly, it is hereby

ORDERED that plaintiff's application for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED, with leave to replead within thirty days of the issuance of an order adopting this order, report, and recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[5] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or

8

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:   January 9, 2018
            Syracuse, New York

---

legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

9