UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHERRY HORSEY,

                        Plaintiff,

v.                                              5:17-CV-1356
                                                           (GTS/DEP)

SCOTT TRIPP, Manager; TERRANCE RIED, Unit
Manager; and ELIZABETH SLATER, HR Generalist,

                        Defendants.
_____

APPEARANCES:

SHERRY HORSEY
Plaintiff, *Pro Se*
P.O. Box 2832
Syracuse, New York 13220

GLENN T. SUDDABY, Chief United States District Judge

### DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Sherry Horsey ("Plaintiff") against the three above-captioned individuals ("Defendants"), is Chief United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Plaintiff's action be dismissed unless, within thirty days of the issuance of a Decision and Order adopting the Report-Recommendation, Plaintiff files an Amended Complaint correcting the pleading defects identified in her original Complaint.  (Dkt. No. 5.)  Plaintiff has not filed an objection to the Report-Recommendation, and the deadline in which to do so has expired.  (*See generally* Docket Sheet.)  Instead, Plaintiff has filed an Amended Complaint as of right pursuant to Fed. R.

Civ. P. 15(a)(1)(A). (Dkt. No. 8.)[1]

After carefully reviewing the relevant papers herein, the Court can find no clear error[2] in Magistrate Judge Peebles' Report-Recommendation: Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds the following analysis.

Because an amended complaint supersedes an original complaint in all respects,[3] no need

---

[1] The Court notes that, by the time he filed his Amended Complaint, Plaintiff had not yet served his original Complaint, eliminating the need for him to file a motion to amend under Fed. R. Civ. P. 15(a)(2). *See, e.g., Smith v. Schweiloch*, 12-CV-3253, 2012 WL 2277687, at *3 (S.D.N.Y. June 18, 2012) ("The complaint has not yet been served. Smith therefore does not need to seek the Court's leave to file an amended complaint."). The Court notes also that, in accepting Plaintiff's Amended Complaint, the Court finds this case to be distinguishable from *Cresci v. Mohawk*, No. 15-3234, 2017 WL 2392470 (2d Cir. June 2, 2017), for each of two alternative reasons: (1) in this case, Plaintiff did not file a motion to amend but an Amended Complaint as of right; and (2) in this case, Plaintiff was not notified of the pleading defects in his original Complaint through the mere motion to dismiss of a defendant but through a Report-Recommendation of a Magistrate Judge (which would effectively be dispositive unless found to be clearly erroneous, given Plaintiff's lack of objection).

[2] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[3] *See Int'lControls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); *cf.* N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading . . . will supersede the pleading sought to be amended in all respects.").

exists any longer for the Court to dismiss (or, more specifically, threaten to dismiss) Plaintiff's original Complaint.  However, the crux of the Report-Recommendation has not been mooted: Plaintiff's original claims were not actionable and she needs to amend them or her action will be dismissed.  As a result, if Plaintiff's Amended Complaint has not corrected the pleading defects identified by Magistrate Judge Peebles in his Report-Recommendation (and/or if it asserts new claims plagued by other pleading defects), Plaintiff's action shall be dismissed with prejudice.  This action is therefore returned to Magistrate Judge Peebles for his review of the pleading sufficiency of the Amended Complaint (as well as his management of pretrial matters).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 8) is referred to Magistrate Judge Peebles for his review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED** that, if Plaintiff's Amended Complaint has not corrected the pleading defects identified by Magistrate Judge Peebles in his Report-Recommendation (and/or if it asserts new claims plagued by other pleading defects), Plaintiff's action shall be **DISMISSED with prejudice**, upon Report-Recommendation of Magistrate Judge Peebles.

Dated: March 5, 2018
      Syracuse, New York

*[signature]*
HON. GLENN T. SUDDABY
Chief United States District Judge